UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **NORRIS A. PALMS**<br>   **LA. DOC #382214** | **CIVIL ACTION NO. 2:13-cv-212** |
| **VERSUS** | **JUDGE MINALDI** |
| **WARDEN, N. BURL CAIN** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the application for writ of *habeas corpus* filed by petitioner Norris Palms. Petitioner in an inmate in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. Petitioner attacks his 2002 armed robbery conviction in by the Fourteenth Judicial District Court, State of Louisiana, Parish of Calcasieu. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### *I. Background*

Petitioner's original *habeas* petition did not contain sufficient information to establish whether the petition should survive initial review; therefore, this court ordered petitioner to amend his petition to provide documentation establishing, among other things, the dates during which applications for post-conviction relief were pending. Doc. 5. Petitioner responded [doc. 6] to the amend order providing the requested information and documentation. Based on the documentation supplied by petitioner the following chronology of events is established.

Petitioner was charged by bill of information with five counts of armed robbery. Doc. 1, att. 1, p. 7. On March 22, 2002, he was convicted following a jury trial. *Id.* Petitioner was then charged as a habitual offender and on December 17, 2002, he was sentenced to forty-nine and one-half years at hard labor. *Id.* at 8.

Petitioner's first application for post-conviction relief was filed on September 27, 2004. *Id.* He maintains that he filed a supplemental memorandum in support on May 25, 2006. *Id.* The application for post-conviction relief was denied on December 5, 2007. *Id.* Petitioner then filed a motion for out-of-time appeal which was granted on January 15, 2008. *Id.*

On or before August 11, 2008, petitioner appealed his conviction to the Louisiana Third Circuit Court of Appeal, raising the following claims: (1) the evidence was insufficient to support his conviction; (2) the trial court erred in denying his motion for continuance; (3) the state failed to provide and/or timely provide exculpatory evidence and impeaching evidence; (4) counsel provided ineffective assistance; (5) the trial court erred in denying his challenges to the State's exclusion of jurors based on race and, (6) the sentence imposed was excessive. Doc. 6, att. 1, pp. 1, 4. The court affirmed petitioner's conviction on December 17, 2008. *State v. Palms*, 997 So. 2d 905 (La.App. 3d Cir. 12/17/08); Doc. 6. att. 1, p. 2.

By correspondence dated March 29, 2010, the Louisiana Supreme Court informed petitioner that his June 8, 2009, letter to the Court requesting permission to file an out of time writ of certiorari had been filed. Doc. 6, att. 1, p. 52. The correspondence instructed petitioner to file his writ application but that the filing of his "request for an out-of-time writ and any supplemental application does not represent a finding by this Court that your filings are or are not timely." *Id.* On May 28, 2010, his writ application was denied. *State ex rel. Palms v. State,*

36 So.3d 241 (La. 5/29/10), Doc. 6, att. 1, p. 53.  Petitioner did not seek further review in the United States Supreme Court.  Doc. 1, p. 2.

On July 21, 2011, petitioner signed an application for post-conviction relief, which was filed with the Fourteenth Judicial District Court on August 2, 2011.  Doc. 6, att. 1, pp. 54, 59.  The trial court denied the application on September 28, 2011. Doc. 6, att. 1, p. 72.  The trial court's denial noted that:

> [p]etitioner previously filed an Application for Post-Conviction Relief. Judge Planchard determined after a hearing on the matter that the State disclosed the information as soon as it received it and denied the motion for post-conviction relief.  However, Judge Planchard granted Petitioner's motion for out-of time-appeal.  Petitioner appealed and [the appeal] was denied.

*Id.*

On October 28, 2011, petitioner signed an application for supervisory and/or remedial writs which was filed with the Louisiana Third Circuit Court of Appeal on November 3, 2011. Doc. 6, att. 1, pp. 73, 74.  The writ was denied as untimely on June 29, 2012.  *Id.* at 74.

On or about July 30, 2012, petitioner filed an application for supervisory and/or remedial writs in the Louisiana Supreme Court.  Doc. 6, att. 1, p. 75.  The application was denied as untimely on December 14, 2012.  Doc. 6, att. 1, p. 76.  In so doing, the Louisiana Supreme Court relied on *State ex Rel. Glover v. State*, 660 So.2d 1189 (La. 9/5/95) and La.C.Cr.P. art. 930.8 which bar applications for post-conviction relief filed more than two years after the judgment of conviction and sentence has become final, including those on motions for out-of-time appeal.

Petitioner's current *habeas corpus* petition was signed on January 11, 2013, and was received and filed in this Court on January 22, 2013.  He alleges four grounds for relief: (1) the evidence was insufficient to support his conviction; (2) the trial court erred in denying his

challenges to the State's exclusion of jurors based on race; (3) the state withheld exculpatory evidence; and (4) trial counsel provided ineffective assistance.

## II. Law and Analysis

### A. Limitations – 28 U.S.C. §2244(d)(1)(A)

Title 28 U.S.C. §2244(d)(1)(A) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or "AEDPA") provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review... ." 28 U.S.C. §2244(d)(1)(A).

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *See also Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *See Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir.1999). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326, 328 (5th Cir.1999).

As previously stated, petitioner appealed his conviction to the Third Circuit Court of Appeal (pursuant to the granting of his out-of-time appeal) on or before August 11, 2008. On December 17, 2008, the Court affirmed his conviction and mailed notice of judgment. Pursuant to Supreme Court Rule X, § 5(a), petitioner had 30 days following the Third Circuit's mailing of notice of judgment within which to timely petition the Louisiana Supreme Court for further direct review, or until January 17, 2009.

While petitioner may have written letters to the Louisiana Supreme Court regarding an extension of time to file his writ, his formal motion seeking an extension of time to file writs shows that he signed it in May, 2009.  Doc. 6, att. 1, pp. 27-29, 30-34.  A letter to petitioner from the Louisiana Supreme Court notes the date of petitioner's motion as June 8, 2009.  Doc. 6, att. 1, p. 52.  As noted above, the Louisiana Supreme Court denied the writ on May 28, 2010.

Petitioner did not seek further review by the United States Supreme Court.  Thus, the direct appeal process ended on May 28, 2010, when the Louisiana Supreme Court denied writs.  Petitioner's judgment of conviction became final 90 days later on August 28, 2010, when the time limit expired for seeking review with the United States Supreme Court.  U.S. Sup. Ct. R. 13.

Accordingly, the limitations period began to run on August 28, 2010, and absent any tolling, petitioner had one year from that date, or until August 28, 2011, to file a timely petition for *habeas corpus* in federal court. Petitioner filed his petition in this court on January 22, 2013.  Absent any tolling, his petition is untimely.

### B.  *Statutory Tolling*

The AEDPA expressly provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  The United States Supreme Court has explained: "an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."  *Artuz v. Bennett*, 121 S.Ct. 361, 8 (2000).

The only application for post-conviction or other collateral review petitioner filed during the period from August 28, 2010 through August 28, 2011 was the post-conviction application filed on August 2, 2011 in the Fourteenth Judicial District Court.  However, that application was ultimately denied by the Louisiana Supreme Court as untimely filed under state law.[1]  The United States Supreme Court has held that when, as here, the state courts have denied an application as untimely under state law, such an application cannot be considered to have been "properly filed," and, therefore, cannot toll the federal limitations period.  *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2))."  Because petitioner's 2011 post-conviction application did not toll the limitations period he is not entitled to statutory tolling of the federal limitations period.

### 3. *Equitable Tolling*

The AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999).

"A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).  "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

---

[1] Thus, for purposes of Louisiana law, petitioner's conviction and sentence became final on January 2, 2009, which is fourteen days following the rendition of the judgment of the Louisiana Third Circuit Court of Appeal.  La.C.Cr.P. art. 922.  Therefore, pursuant to La.C.Cr.P. art. 930.8, petitioner had two years, or until January 2, 2011, to file his application for post-conviction relief.  His petition filed on August 2, 2011 was after the two year limitations period had prescribed.

his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, *supra*). Petitioner offered no evidence or argument to establish his entitlement to equitable tolling and we find that it does not apply.

### *III. Conclusion*

Petitioner's judgment of conviction became final under the AEDPA on August 28, 2010 when the time limit expired for seeking review with the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(A). Accordingly, petitioner had one year from that date, or until August 28, 2011, to file a timely petition for *habeas corpus* in federal court. Petitioner has failed to establish that he is entitled to either statutory or equitable tolling. Thus, petitioner's federal *habeas corpus* petition filed on January 22, 2013 is time barred.

### *IV. Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall

bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 21st day of July, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE